Honorable Judge Chris M. Alston
Chapter: Chapter 7
Hearing Location: Telephonic
Hearing Date: July 2, 2021
Hearing Time: 9:30 A.M.
Response Date: June 25, 2021

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

IN RE:

LARRY WAYNE WILLIS, SR.

DEBTOR

No.: 20-10326-CMA

DEBTOR'S LIMITED OBJECTION TO TRUSTEE'S MOTION TO APPROVE THE SALE OF REAL PROPERTY

COMES NOW Larry Wayne Willis, Sr. (Debtor), by his attorney, Randall Martino, and responds to the Trustee's Motion To Approve The Sale Of Real Property (Motion).

1. The Debtor exempted $125,000 equity in his residence pursuant to RCW 6.13.030.

2. The Trustee's Motion proposes payment to the Debtor of $125,000 from the proceeds of the sale of Debtor's residence. Trustee's Motion, Exhibit 2 Estimated ALTA Settlement Statement.

3. As the Debtor is on fixed income and limited funds, he currently has insufficient funds to move out of the residence if the sale is approved and closing occurs. Debtor's Declaration (Debtor's Decl.) ¶¶ 3-4.

Debtor's Limited Objection to Trustee's Motion – Page 1

**LOMBINO MARTINO, P.S.**
9315 Gravelly Lake Dr. SW, Ste. 201
Lakewood, WA 98499
Telephone (253) 830-2677 Facsimile (253) 444-4010

Case 20-10326-CMA    Doc 51    Filed 06/25/21    Ent. 06/25/21 11:23:10    Pg. 1 of 3

4. The Debtor needs the $125,000 exemption payment at time of closing in order to pay movers to help him move out of the property. Debtor's Decl. ¶¶ 4-5.

5. The Debtor has disabilities and physical limitations that prevent him from moving all of his belongings out of the property on his own. Debtor's Decl. ¶ 6.

6. If the Debtor can't afford to move, he will likely get evicted by the new owner, leaving him with no place to live, no funds to rent an apartment or buy a modest new home elsewhere, and an eviction judgment that could negatively impact his ability to rent in the future. Debtor's Decl. ¶ 7.

7. Debtor's objection to the Trustee's Motion is limited to its failure to direct that Debtor's exemption payment be paid at the time of closing by the escrow agent.

8. Distributing the Debtor's exemption amount at the sale closing will not be a detriment to the trustee or unsecured creditors receiving their carve-out funds. As a court of equity, this Court is permitted to authorize payment of the Debtor's exemption at the time of closing to prevent the harm to Debtor that would otherwise result. Fitzgerald & Walrath, RUTTER GROUP PRAC. GUIDE: BANKRUPTCY (The Rutter Group 2020) , ¶ 1:1000 ("Bankruptcy courts are courts of both law and equity").

Debtor's Limited Objection to Trustee's Motion – Page 2

LOMBINO MARTINO, P.S.
9315 Gravelly Lake Dr. SW, Ste. 201
Lakewood, WA 98499
Telephone (253) 830-2677 Facsimile (253) 444-4010

Case 20-10326-CMA    Doc 51    Filed 06/25/21    Ent. 06/25/21 11:23:10    Pg. 2 of 3

9. Debtor requests that the Order Granting the Motion include a provision that Debtor be paid his exemption amount of $125,000 at the time of closing by the escrow agent.

WHEREFORE the Debtor requests that the Order Granting the Motion include a provision that Debtor's exemption amount of $125,000 be paid at the time of closing by the escrow agent.

DATED this 25th day of June, 2021.

**LOMBINO MARTINO, P.S.**

By: /s/ Randall S. Martino
    Randall S. Martino, WSBA # 24921
    Attorney for Debtor

Debtor's Limited Objection to Trustee's Motion – Page 3

**LOMBINO MARTINO, P.S.**
9315 Gravelly Lake Dr. SW, Ste. 201
Lakewood, WA 98499
Telephone (253) 830-2677  Facsimile (253) 444-4010

Case 20-10326-CMA    Doc 51    Filed 06/25/21    Ent. 06/25/21 11:23:10    Pg. 3 of 3